IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**
February 24, 2021
ST-2020-CR-00188
**TAMARA CHARLES**
**CLERK OF THE COURT**

**FOR PUBLICATION**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PEOPLE OF THE VIRGIN ISLANDS, | ) CASE NO. ST-2020-CR-00188 |
| Plaintiff, | ) |
| vs. | ) |
| JESTUS FRANCIS, | ) |
| Defendant. | ) |

Cite as: 2021 VI Super 21

SIGRID TEJO, Esquire, Assistant Attorney General, Virgin Islands Department of Justice, St. Thomas, VI, for the *People of the Virgin Islands*.

ADAM G. CHRISTIAN, Esquire, Ogletree, Deakins, Nash, Smoak & Stewart, LLC, St. Thomas, USVI, for *Defendant*.

FRANCOIS, Judge

### MEMORANDUM OPINION AND ORDER

¶1  **THIS MATTER** is before the Court on the following:

1. Defendant Jestus Francis' Motion To Dismiss Information ("Motion To Dismiss"), filed August 4, 2020;

2. Defendant's Motion For Expedited Consideration Of Defendant Jestus Francis' Motion To Dismiss Information, filed August 4, 2020;

3. People's Opposition To Defendant's (Francis) Motion For Expedited Consideration Of Motion To Dismiss, filed August 6, 2020;

4. Defendant's Reply To The People's Opposition To Motion For Expedited Consideration Of Defendant Jestus Francis' Motion To Dismiss Information, filed August 10, 2020;

5. People's Opposition To Defendant Francis' Motion To Dismiss, filed August 19, 2020; and

6. Defendant's Reply To The People's Opposition To Defendant Jestus Francis' Motion To Dismiss Information, filed September 3, 2020.

¶2 For the reasons set forth below, the Court determines that the Double Jeopardy Clause along with the single sovereign doctrine does not require the Superior Court of the Virgin Islands, the court of first filing, to dismiss the case in favor of a subsequent indictment in the District Court, based on the District Court's alleged exclusive jurisdiction, on account of a dual prosecution, with purely local criminal counts in the first case and federal and local criminal counts in the second case, where no verdict, plea, or sentence has yet been reached in either court. Neither is the Court persuaded that the District Court has exclusive jurisdiction, nor that the U.S. Attorney General must consent to prosecution in this Court. Lastly, the Court does not find that precepts of judicial economy require dismissal in this case. Consequently, the Motion to Dismiss will be denied.

## I.  INTRODUCTION

¶3 On or around June 23, 2020, the Virgin Islands Police Department ("VIPD") was alerted to an armed carjacking in the Havensight area of St. Thomas, Virgin Islands.[1] The Probable Cause Fact Sheet states that at about 11:00 p.m., a male approached two females who were outside of a bar and restaurant and brandished a gun at them, stealing their car and personal belongings such as their phones and a purse.[2] A witness informed VIPD that the witness had seen two males get out of the stolen car, change shirts, and enter a second car.[3] When VIPD found and detained this second car, they apprehended Jahvid Alexander ("Alexander") and Jestus Lars Francis ("Francis") and discovered the stolen phones, a purse, a silver revolver, and a bag containing twenty-one (21) ziplock bags filled with marijuana.[4]

¶4 On July 8, 2020, the People of the Virgin Islands ("People") filed a multiple count Information in this Court alleging, *inter alia*, that on or about June 23, 2020, Defendants Alexander and Francis knowingly conspired to commit a carjacking by force, as well as other offenses.[5] On

---

[1] Advice of Rights Compl. 1.

[2] Advice of Rights Compl. 1-2.

[3] Advice of Rights Compl. 2.

[4] Advice of Rights Compl. 2-3.

[5] The counts against Francis in the Superior Court are: 1) Conspiracy in violation of V.I. CODE ANN. tit. 14 § 551(1); 2) two counts of First Degree Robbery in violation of V.I. CODE ANN. tit. 14 §§ 1861, 1862(2) and V.I. CODE ANN. tit. 14 § 11(a); 3) two counts of Unauthorized Possession of a Firearm During the Commission of a First Degree Robbery in violation of V.I. CODE ANN. tit. 14 § 2253(a) and V.I. CODE ANN. tit. 14 § 11(a); 4) two counts of Second Degree Robbery in violation of V.I. CODE ANN. tit. 14 §§ 1861, 1863(1); 5) two counts of Unauthorized Possession of a Firearm During the Commission of a Second Degree Robbery in violation of V.I. CODE ANN. tit 14 § 2253(a) and V.I. CODE ANN. tit 14 § 11(a); 6) two counts of First Degree Assault – Larceny in violation of V.I. CODE ANN. tit 14 § 295(3) and V.I. CODE ANN. tit. 14 § 11(a); 7) two counts of Unauthorized Possession of a Firearm During the Commission of a First Degree Assault – Larceny in violation of V.I. CODE ANN. tit. 14 § 2253(a) and V.I. CODE ANN.

July 22, 2020, the United States of America filed a multiple count Indictment in the United States District Court of the Virgin Islands ("District Court") charging Francis and Alexander with violations of both federal and territorial law based upon the events of June 23, 2020.[6]

¶5     Francis argues that this Court must dismiss the Information and cease prosecution because the Court lacks jurisdiction based on "pertinent territorial and federal statutes, the single sovereign doctrine, and other laws and precedents."[7] Francis states that the case in the District Court is based on the same set of circumstances as the one in this Court, and even features overlapping identical charges.[8] Francis argues that title 4, § 76(b) of the Virgin Islands Code limits the criminal jurisdiction of the Superior Court to cases where the District Court did not have jurisdiction under the Revised Organic Act because the statute states that "*subject to* the concurrent jurisdiction conferred on the District Court . . . the Superior Court shall have original jurisdiction in all criminal matters."[9] Francis argues that reading the Revised Organic Act of the Virgin Islands along with title 18, § 3231 of the United States Code vests exclusive jurisdiction in the District Court. Francis' reasons that § 22(c)[10] grants concurrent jurisdiction to prosecute local offenses along with other offenses which it has jurisdiction over pursuant to § 22(a). Section 22(a) states that the District Court shall have the jurisdiction of a District Court of the United States.[11] Title 18, § 3231 of the United States Code  grants the District Court original exclusive jurisdiction to prosecute federal crimes.[12] Francis argues this results in the District Court having jurisdiction over this case to the

tit. § 11(a); 8) two counts of Grand Larceny in violation of V.I. CODE ANN. tit. 14 §§ 1081, 1083(a)(2) and V.I. CODE ANN. tit. 14 § 11(a); and 9) two counts of Unauthorized Possession of a Firearm During the Commission of a Grand Larceny in violation of V.I. CODE ANN. tit. 14 § 2253(a) and V.I. CODE ANN. tit. 14 § 11(a). Information 6-12.

[6] The counts against Francis in the District Court are: 1) Conspiracy in violation of 18 U.S.C. § 371; 2) Carjacking in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2; 3) Brandishing of a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(a); 4) First Degree Robbery in violation of V.I. CODE ANN. tit. 14 § 1862(2); 5) Possession of a Firearm in violation of V.I. CODE ANN. tit. 14 § 2253(a); and 6) Possession with Intent to Distribute in violation of V.I. CODE ANN. tit. 6 § 604(a)(1). Indictment 1-5.

[7] Def. Francis' Mot. To Dismiss Information 1.

[8] Def. Francis' Mot. To Dismiss Information 2.

[9] 4 V.I.C. § 76(b) (emphasis added).

[10] Revised Organic Act of 1954, § 22(c), 48 U.S.C. § 1612(c), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1) ("Criminal offenses; concurrent jurisdiction with local courts. The District Court of the Virgin Islands shall have concurrent jurisdiction with the courts of the Virgin Islands established by local law over those offenses against the criminal laws of the Virgin Islands, whether felonies or misdemeanors or both, which are of the same or similar character or part of, or based on, the same act or transaction or two or more acts or transactions connected together or constituting part of a common scheme or plan, if such act or transaction or acts or transactions also constitutes or constitute an offense or offenses against one or more of the statutes over which the District Court of the Virgin Islands has jurisdiction pursuant to subsections (a) and (b) of this section.").

[11] Revised Organic Act of 1954, § 22(a), 48 U.S.C. § 1612(a), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1) ("Jurisdiction. The District Court of the Virgin Islands shall have the jurisdiction of a District Court of the United States, including, but not limited to, the diversity jurisdiction provided for in section 1332 of title 28, United States Code, and that of a bankruptcy court of the United States.").

[12] 18 USCS § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair

exclusion of the Superior Court.[13]

¶6      Francis' argument is that, reading these local and federal statutes together, the phrase "subject to" indicates that the legislature meant for the concurrent jurisdiction of the Superior Court with the District Court to really be original jurisdiction *subordinate to* the District Court, and once the District Court exercises jurisdiction it deprives the Superior Court of jurisdiction.[14] Francis cites to cases outside this jurisdiction for this reading of "subject to."[15] Francis also bases his Motion To Dismiss on the so-called "single sovereign doctrine" and other precedent and laws.

¶7      Perhaps lesser known than the "dual sovereign doctrine," the "single sovereign doctrine" is a peculiarity of the U.S. Virgin Islands' status as not a State, but a Territory.[16] Francis argues that prior precedent barring successive prosecutions by the Virgin Islands and the United States bar a defendant from simultaneous prosecutions by the United States and the Virgin Islands.[17] Francis also argues that the United States Attorney for the District of the Virgin Islands must provide his consent to the Attorney General of the Virgin Islands to prosecute this case.[18] Lastly, Francis argues that judicial economy cautions against the prosecution of this case.[19]

¶8      The People argue that the Court has original jurisdiction pursuant to title 4, § 76(b)[20] of the Virgin Islands Code and that there is no violation of the single sovereign doctrine.[21] The People contend that the language of § 76(b) is clear and unambiguous: "the Superior Court shall have original jurisdiction in all criminal matters."[22] The People point to *Parrot v. V.I.*[23] for the proposition that "[w]ith the 1984 amendments, Congress established the framework for a dual system of local and federal judicial review in the Virgin Islands. By virtue of these amendments, the District Court now possesses the jurisdiction of a 'District Court of the United States.'"[24]

---

the jurisdiction of the courts of the several States under the laws thereof.").

[13] Def. Francis' Mot. To Dismiss Information 3-4.

[14] Def. Francis' Mot. To Dismiss Information 4.

[15] Francis cites to a case from the Southern District of New York, the Second Circuit, and the California Court of Appeals. *See* Def. Francis' Mot. To Dismiss Information n.3.

[16] *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 305 (V.I. 2014) (citing *United States v. Hodge*, 211 F.3d 74, 78 (3d Cir 2000) (quoting *Gov't of the V.I. v. Brathwaite*, 782 F.2d 399, 406 (3d Cir. 1986)) ("[T]he Virgin Islands territorial government is a subdivision of the United States government, and thus 'the Virgin Islands and the federal government are considered one sovereignty for the purpose of determining whether an individual may be punished under both Virgin Islands and United States statutes for a similar offense growing out of the same occurrence.'").

[17] Def. Francis' Mot. To Dismiss Information 6.

[18] Def. Francis' Mot. To Dismiss Information 7.

[19] Def. Francis' Mot. To Dismiss Information 7.

[20] 4 V.I.C. § 76(b) ("Subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by sections 21 and 22 of the Revised Organic Act of the Virgin Islands, as amended, the Superior Court shall have original jurisdiction in all criminal actions.").

[21] People's Opp'n To Def. Francis' Mot. To Dismiss 1.

[22] 4 V.I.C. § 76(b).

[23] 230 F. 3d 615 (3d Cir. 2000).

[24] *Id.* at 619.

Further, the People state that "[a]fter the 1984 amendments, the District Court continued to possess its statutorily granted local jurisdiction" and the People point out that the Virgin Islands Legislature was able to divest the District Court of original jurisdiction in local matters for cases which the District Court did not have exclusive jurisdiction over, and once it did so, the District Court lost jurisdiction over local matters.[25]

¶9 The People further aver that "[t]here is no issue that the charges in this matter were filed before the federal case. It therefore should stand to reason that the federal case, should either be stayed or the local charges contained in its' Information dismissed."[26] The People go on to assert that, under the precedent of *Rivera-Moreno v. Gov't of the V.I.*[27] and *United States v. Hodge*,[28] the single sovereign doctrine prevents being *punished* for the same offense under Virgin Islands and United States statutes.[29] Further, the People assert that the Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal, after conviction, and it protects against multiple punishments for the same offense.[30] The People then note there can be no single sovereign doctrine violation as Francis has not been tried or sentenced yet in either this Court or the District Court.[31]

¶10 Defendant Jahvid Alexander's Joinder in Co-Defendant Jestus' Francis Motion to Dismiss Information was filed on October 28, 2020, in the companion case of *People of the Virgin Islands v. Jahvid Alexander*, Case No. ST-2020-CR-00187.

## II. LEGAL STANDARD

### A. Motion To Dismiss For Lack of Jurisdiction

¶11 Virgin Islands Rule of Criminal Procedure 12(b)(2) provides that a motion that the court lacks jurisdiction may be made at any time while the case is pending.[32] "Under the Organic Act, the V.I. Legislature may vest the Territorial Court with jurisdiction over all causes in the Virgin Islands over which the District Court does not possess exclusive jurisdiction . . . Gradually, however, the V.I. Legislature has expanded the Territorial Court's jurisdiction over all criminal

---

[25] People's Opp'n To Def. Francis' Mot. To Dismiss 4; 48 U.S.C. § 1611(b) ("The legislature of the Virgin Islands may vest in the courts of the Virgin Islands established by local law jurisdiction over all causes in the Virgin Islands over which any court established by the Constitution and laws of the United States does not have exclusive jurisdiction. Such jurisdiction shall be subject to the concurrent jurisdiction conferred on the District Court of the Virgin Islands by section 22(a) and (c) of this Act [48 USCS § 1612(a) and (c)].").

[26] People's Opp'n To Def. Francis' Mot. To Dismiss 5.

[27] 61 V.I. 279 (V.I. 2014).

[28] 211 F.3d 74 (3d Cir. 2000).

[29] People's Opp'n To Def. Francis' Mot. To Dismiss 7-8.

[30] People's Opp'n To Def. Francis' Mot. To Dismiss 8.

[31] People's Opp'n To Def. Francis' Mot. To Dismiss 8.

[32] V.I.R. Crim. P. 12(b)(2).

matters over which the District Court does not have exclusive jurisdiction."[33] In addition, "as a general rule, once a court has begun to exercise its jurisdiction over a case, no other court, except an appellate court, may interfere with the proceedings thus pending."[34]

## B. Double Jeopardy Clause

¶12    The Fifth Amendment of the U.S. Constitution provides in relevant part: "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb."[35] This is known as the Double Jeopardy Clause. The United States Supreme Court elaborated in *Brown v. Ohio*:[36]

> The Double Jeopardy Clause protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense. Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the court does not exceed its legislative authorization by imposing multiple punishments for the same offense. Where successive prosecutions are at stake, the guarantee serves a constitutional policy of finality for the defendant's benefit. That policy protects the accused from attempts to relitigate the facts underlying a prior acquittal, and from attempts to secure additional punishment after a prior conviction and sentence[.][37]

## C. Single Sovereign Doctrine

¶13    The applicability of the single sovereign doctrine arises out of the U.S. Virgin Islands' status as a Territory. Under our dual state-federal system, Territories, unlike the States, have no inherent sovereignty – our bailiwick is limited to what Congress grants through the establishment of Organic Acts[38] and through the creation of not constitutional, but legislative courts.[39] The United

---

[33] *Gov't of the V.I. v. Colbourne*, 31 V.I. 22 (V.I. Super. Ct. 1994) (citing to 48 U.S.C. § 1611(b)).

[34] *Id.* at 25 (citing to *Ex parte Young*, 209 U.S. 123, 166 (1908)).

[35] U.S. CONST. amend. V.

[36] 432 U.S. 161 (1977).

[37] *Id.* at 165 (citations and quotation marks omitted).

[38] *In re Lane*, 135 U.S. 443, 447 (1890) ("They have the powers which all these departments of government have exercised, which are conferred upon them by act of Congress, and their legislative acts are subject to the disapproval of the Congress of the United States. They are not in any sense independent governments; they have no Senators in Congress and no representatives in the lower house of that body, except what are called delegates, with limited functions. Yet they exercise nearly all the powers of government, under what are generally called organic acts passed by Congress conferring such powers on them. It is this class of governments, long known by the name of Territories, that the act of Congress excepts from the operation of this statute, while it extends it to all other places over which the United States have exclusive jurisdiction."); *see also Organic Statute*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("A law that establishes an administrative agency or local government. — Also termed organic act.").

[39] In discussing the origins of the judicial power in then-territorial Floridian courts, the Supreme Court opined: "These courts, then, are not constitutional courts, in which the judicial powers conferred by the Constitution on the general government can be deposited. They are incapable of receiving it. They are legislative courts, created in virtue of the

States Supreme Court, in establishing this principle, likened the relationship of the Federal Government with the Territories as like the relationship between a state and municipalities.[40] Courts have grappled with the implications of the single sovereign doctrine in cases arising here in the Virgin Islands, as well as in Washington, D.C.,[41] Puerto Rico,[42] and even the Philippines,[43] amongst other current and former Territories.[44] In essence, these cases show that while Congress may grant a varying degree of autonomy or self-rule to the Capital or the United States' insular holdings, the Territories are federal fiefdoms, the ultimate dominion over and final control of which resides in the hands of the representatives of the States and not the United States citizens that dwell therein.

¶14 In the United States Virgin Islands, several cases have elaborated on how this status affects the power to prosecute and to sentence criminal violations. In *Gov't of the V.I. ex rel. Robinson v. Schneider*,[45] the Virgin Islands District Court considered the "anomalies that develop at the intersection of the single sovereign doctrine, the double jeopardy clause, and the Speedy Trial

---

general right of sovereignty, which exists in the government; or in virtue of that clause which enables Congress to make laws regulating the territories belonging to the United States. The jurisdiction with which they are invested, is not a part of that judicial power which is defined in the third article of the Constitution, but is conferred by Congress in the exercise of its powers over the territories of the United States." *American Ins. Co. v. 356 Bales of Cotton*, 26 U.S. 511, 546 (1828); *compare* David A. Case, *Article I Courts, Substantive Rights, and Remedies for Government Misconduct*, 26 N. ILL. U. L. REV. 101 (2005) (discussing Article I legislative courts) *with* David Berman, *Article II Courts*, 44 MERCER L. REV. 825 (1993) (discussing Article II executive courts).

[40] *See, e.g., Waller v. Florida*, 397 U.S. 387, 393 (1970) ("Accordingly, the apt analogy to the relationship between municipal and state governments is to be found in the relationship between the government of a Territory and the Government of the United States. The legal consequence of that relationship was settled in *Grafton v. United States*, 206 U.S. 333 (1907), where this Court held that a prosecution in a court of the United States is a bar to a subsequent prosecution in a territorial court, since both are arms of the same sovereign.").

[41] *See, e.g., Metropolitan R. Co. v. District of Columbia*, 132 U.S. 1, 9 (1888) ("It is undoubtedly true that the District of Columbia is a separate political community in a certain sense, and in that sense may be called a State; but the sovereign power of this qualified State is not lodged in the corporation of the District of Columbia, but in the government of the United States. Its supreme legislative body is Congress. The subordinate legislative powers of a municipal character which have been or may be lodged in the city corporations, or in the District corporation, do not make those bodies sovereign. Crimes committed in the District are not crimes against the District, but against the United States.").

[42] *See, e.g., United States v. Santiago-Colón*, 917 F.3d 43 (1st Cir. 2019) ("Because the prosecutorial authority of both the federal government and Puerto Rico emanates from a single source - Congress - the two are considered a single sovereign for double jeopardy purposes and 'the two governments cannot 'twice put' [an individual] 'in jeopardy' for the 'same offence.''").

[43] *See, e.g., Grafton v. United States*, 206 U.S. 333 (1907) (holding that a soldier who was acquitted of homicide in a court-martial in the Philippines could not subsequently be tried in a Filipino court as this was a violation of the double jeopardy clause since both entities derived their power from the United States federal government).

[44] *See, e.g., Willey v. Decker*, 73 P. 210, 222 (Wyo. 1903) (citation omitted) ("When the appropriation was made Montana and Wyoming were each under a territorial form of government. The sovereign authority resided in the United States. It is true that as territories they were invested with certain rights of legislation, and subject to the provisions of their organic acts and other laws of Congress exercised a limited sovereignty over the territory within their respective boundaries. But the primary sovereign authority was the general government. There was then fundamentally no divided sovereignty over these waters.").

[45] 893 F. Supp. 490 (D.V.I. 1995).

Act."[46] In that case, Jackson Robinson ("Robinson") had previously been put on trial for a murder he caused when he struck someone with a two-by-four.[47] Robinson had been convicted of voluntary manslaughter in the District Court, which was reversed and remanded for a new trial by the Third Circuit Court of Appeals for failure to advise the jury on the defense of self-defense.[48] After a sixty-two (62) day delay, the Government moved to dismiss the case, and the District Court dismissed the indictment without prejudice.[49] Two months later, the Government charged Robinson with murder in the Territorial Court.[50] Robinson alleged violations of the Double Jeopardy Clause,[51] the Speedy Trial Plan of the District Court of the Virgin Islands then in effect, and Federal Rule of Criminal Procedure 48.[52] The District Court stated that:

> [T]he double jeopardy clause forbids successive prosecutions in a federal and territorial court for the same criminal act. By the same token, a criminal defendant may not receive separate punishments for similar federal and territorial offenses. Since the 'single sovereign' in the Virgin Islands is allowed only one bite of the apple - whether acting as the United States or the Government of the Virgin Islands - it behooves the federal and territorial prosecutors to work in concert when bringing charges against criminal defendants.
>
> As noted, certain constitutional protections, considered fundamental rights under our system of justice, apply to all criminal defendants in the Virgin Islands, whether they are tried in the Territorial Court or this Court. The same does not hold true for Congressional statutes. Even though there is only one true sovereign in the Virgin Islands, Congress has chosen to delegate much of the authority to prosecute what are traditionally considered state or local offenses to the Virgin Islands Legislature which, in turn, has vested the Territorial Court with primary, original jurisdiction over such purely local crimes. Therefore, in the Virgin Islands there are two tiers of criminal prosecution, federal and territorial.[53]

¶15 The District Court in *Robinson* noted that the Double Jeopardy Clause does not forbid

---

[46] *Id.* at 492.

[47] *Id.*

[48] *Id.*

[49] *Id.*

[50] *Id.* Title 4, § 2 of the Virgin Islands Code was amended on October 29, 2004, to change the name of the court of local jurisdiction from the Territorial Court of the Virgin Islands to the Superior Court of the Virgin Islands pursuant to Bill No. 25-0213.

[51] U.S. CONST. amend. V.

[52] FED. R. CRIM. PROC. 48(b) ("The court may dismiss an indictment, information, or complaint if unnecessary delay occurs in: (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial.").

[53] 893 F. Supp. at 495 (citations omitted).

reprosecution of a defendant whose conviction had been overturned on appeal and held that whether the Government should be able to reprosecute someone after a voluntary dismissal should be a decision made on a case-by-case basis.[54] Then, after highlighting the narrow nature of its ruling, the District Court found that dismissal of the indictment with prejudice was warranted by the egregious facts and the Government's undue delay.[55]

¶16    The Third Circuit case of *Gov't of the V.I. v. Dowling*[56] involved defendants who had been charged with both federal and territorial crimes arising out of a bank robbery.[57] One part of the Third Circuit's consideration was whether, due to the single sovereign doctrine, the defendants could be sentenced under the territorial law for assault when the federal statute under the Federal Bank Robbery Act merged assault into the crime.[58] Relying on the single sovereign doctrine,[59] the Third Circuit noted the two charges must be considered *in pari materia* and that, having been convicted of both, "but one sentence may be imposed in respect to all of the offenses included in the Bank Robbery Act."[60]

¶17    The Supreme Court of the Virgin Islands considered a single sovereign doctrine issue in the case of *Rivera-Moreno v. Gov't of the V.I.*[61] In that case, the Virgin Islands and United States Governments had charged the defendant in District Court, as this was before the subsequent extension of jurisdiction over criminal matters to the Territorial, now Superior, Court.[62] The

---

[54] *Id.* at 497-98 ("In a strict legal sense, the double jeopardy clause did not bar Robinson's reprosecution for voluntary manslaughter following his successful appeal of his conviction for that crime in this Court . . . . Whether the government should be able to reprosecute in the Territorial Court after a voluntary dismissal in this Court must be decided on a case by case basis and depends on such factors as the stage at which the dismissal took place, the stated reasons for the dismissal, the prejudice to the defendant, and whether the Speedy Trial Plan or another safeguard afforded the defendant in this Court threatened the government with dismissal or some other sanction.").

[55] *Id.* at 498-99 ("As a practical matter, the cases that present this problem will be few, since the hybrid federal/territorial criminal prosecution in this Court will be rare . . . . In conclusion, we wish to emphasize the narrowness of our holding. Our decision to amend our earlier dismissal to make it with prejudice is governed principally by the egregious facts of this case, which we trust will not be repeated.").

[56] 633 F.2d 660 (3d Cir. 1980).

[57] *Id.*

[58] *Id.* at 669 ("Accordingly, if these assaults had been charged under the Federal Bank Robbery Act, 18 U.S.C. § 2113(d), it is clear that these counts would have to be held as 'merged' for purposes of the imposition of sentence under the rule of *Prince v. United States, supra.* In the present case, however, the assaults were charged under the territorial law, 14 V.I.C. § 297(2), not under the federal statute. The question, therefore, remains whether, under these circumstances, the district court was nonetheless precluded under the doctrine of the Prince case from imposing separate sentences with respect to them.").

[59] *Id.* (citations omitted) ("Undoubtedly, if these occurrences had taken place in a state of the union, the rule precluding separate sentences would not apply since, as an independent sovereign, such a state is free to punish criminal conduct even though the federal government has successfully prosecuted the same individual under the federal law for a similar offense growing out of the same occurrence. This is not true, however, in the case of a territory, since the latter does not have independent sovereignty but derives such powers as its government possesses directly from congressional grant under article IV, section 3 of the federal Constitution.").

[60] *Id.*

[61] 61 V.I. 279 (V.I. 2014).

[62] *Id.* at 287-88. *See supra* n.50 for when the Territorial Court changed names.

defendant was found guilty and appealed to the Third Circuit, which upheld his conviction.[63] Fifteen years later, he filed a *habeas corpus* petition, and after years in this Court and the District Court,[64] and review by a magistrate judge, this Court dismissed the *habeas corpus* petition.[65] In so doing, however, this Court "rejected the magistrate's recommendation to dismiss the *habeas corpus* petition for lack of jurisdiction, concluding that Rivera-Moreno could challenge his local convictions in the Superior Court notwithstanding the fact that he had also been convicted of federal charges as part of the same trial."[66]

¶18   The Virgin Islands Supreme Court considered this issue of jurisdiction and the single sovereign doctrine that arose in *Rivera-Moreno*.[67] The Supreme Court noted that, following *Parrot*, "the Superior Court may, in a habeas corpus action, set aside a judgment issued by the District Court, so long as the petitioner is detained on charges in which the Superior Court now acts as the successor court to the District Court."[68] The magistrate judge in the lower proceedings had reasoned that the concurrent jurisdiction provision of 48 U.S.C. § 1612(c) "would mandate that Rivera-Moreno be tried in the District Court even if he had been prosecuted today as opposed to twenty years ago, given that a federal charge arose from the same act as the local charges."[69] After noting the cursory analysis the Superior Court judge gave to the matter, the Supreme Court of the Virgin Islands nonetheless upheld the rejection of the magistrate judge's jurisdictional opinion.

¶19   In doing so, the Supreme Court of the Virgin Islands stated:

> Legislative history illustrates that the concurrent jurisdiction provision of 48 U.S.C. § 1612(c) was intended to safeguard the rights of criminal defendants in the Virgin Islands to be free from double jeopardy by allowing the federal District Court to adjudicate federal and local criminal charges as part of a single proceeding.[70] Importantly, the statute provides for the District Court to possess concurrent — *and not exclusive — jurisdiction over local offenses* relating to federal offenses, meaning that the local offenses could be tried in either the

---

[63] *Id.* at 290.

[64] *Id.* at 290-91 (describing the saga of the petition not being docketed, various writs of mandamus, duplicative filings, assignment of counsel and years of hearings).

[65] *Id.* at 292.

[66] *Id.*

[67] *Id.* at 305 (citations omitted) (first quoting *In re Admission of Alvis*, 54 V.I. 408, 413 (V.I. 2010); then quoting *United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000)) ("[T]he Government of the Virgin Islands is not itself a sovereign entity." Therefore, while Congress has generally chosen to treat the Virgin Islands as the equivalent of a state government, see, e.g., 48 U.S.C. § 1613, the Virgin Islands territorial government is a subdivision of the United States government, and thus "the Virgin Islands and the federal government are considered one sovereignty for the purpose of determining whether an individual may be punished under both Virgin Islands and United States statutes for a similar offense growing out of the same occurrence.").

[68] *Id.* at 306.

[69] *Id.* at 307.

[70] *Id.* at 308 (citing to 130 CONG. REC. S23,789 (daily ed. Aug. 10, 1984)).

Superior Court or the District Court.[71] *Of course, were the prosecution to elect to try the local offenses in the Superior Court, the Double Jeopardy Clause would preclude a subsequent prosecution of the related federal offenses in the District Court.*[72]

¶20    More recently, this Court had reason to consider the single sovereign doctrine and Double Jeopardy Clause issues surrounding prosecution. In *People v. Williams*,[73] a defendant had been prosecuted in the District Court of the Virgin Islands and then acquitted of a handgun related offense.[74] He was then charged in the Superior Court with a charge related to the same handgun.[75] Because the defendant had already been acquitted of an offense relating to the same handgun, this Court found that the Double Jeopardy Clause applied and dismissed that count.[76] The Court noted that "[t]he protections embedded in the Double Jeopardy Clause attach to prosecutions between the Virgin Islands Superior Court and District Court of the Virgin Islands in the same way they attach to prosecutions by a single sovereign. Thus, *Williams* is correct that, '*any dual or subsequent prosecutions* from either the Virgin Islands Department of Justice or the Federal Department of Justice located in the Virgin Islands *must be examined* for violation[s] of Double Jeopardy.'"[77]

¶21    Outside of the Virgin Islands, in other Territories subject to the single sovereign doctrine, courts have issued similar findings. In *United States v. Diggs*,[78] the D.C. Circuit Court of Appeals held that an individual could be prosecuted under the federal and D.C. bank robbing statutes in a case arising from a single bank robbery (and thus the same set of facts), but that a sentence could only be imposed for violation of one of the statutes.[79] Remanding the case back, the court noted that "the Government properly may charge in the same indictment offenses against both the federal bank robbery statute and the District's armed robbery statute" but went on to specifically highlight that "a defendant is not ultimately to be sentenced under two statutes proscribing essentially the same offense. Imposed upon the trial court is the duty . . . 'to select the counts on which to impose sentence when the jury returns verdicts of guilty under both statutes.'"[80]

¶22    Lastly, the United States Supreme Court has recently dealt with a similar case. In *Puerto*

---

[71] *Id.* (emphasis added) (citing to *Azille v. People*, 59 V.I. 215, 222 (V.I. 2012)).

[72] *Id.* (emphasis added).

[73] Case No. ST-18-CR-40, __V.I.__, 2018 V.I. LEXIS 125 (V.I. Super. Ct. Nov. 8, 2018).

[74] *Id.* at *1.

[75] *Id.*

[76] *Id.* at *1, *22.

[77] *Id.* at *11 (emphasis added).

[78] 522 F.2d 1310 (D.C. Cir. 1974).

[79] *Id.* at 1323 ("Different treatment is required in *United States v. Floyd*, No. 74-1011, where the jury returned guilty verdicts on two counts of bank robbery under the federal statute, followed by concurrent sentences of 5 to 20 years on each count; and two counts of armed robbery under the D.C. Code, for which concurrent sentences of 10 to 30 years on each count were pronounced.").

[80] *Id.* at 1323-24 (quoting *United States v. Shephard*, 515 F.2d 1324, 1336 (D.C. Cir. 1974)).

*Rico v. Sanchez-Valle*,[81] the United States Supreme Court considered a Double Jeopardy Clause case involving the single sovereign doctrine arising out of Puerto Rico. That case involved defendants who each sold a gun to an undercover police officer and were indicted in violation of the Puerto Rico Arms Act of 2000, and while those charges were pending they were subsequently indicted, based on the same transaction, for violations of a similar U.S. gun trafficking statute.[82] Importantly, while the charges were pending in the territorial court, the defendants plead guilty to the federal charges, and following those guilty pleas, moved to dismiss the charges in the territorial court.[83]

¶23 Recognizing that under Supreme Court precedent, "'sovereignty' in this context does not bear its ordinary meaning"; that "[f]or whatever reason, the test we have devised to decide whether two governments are distinct for double jeopardy purposes overtly disregards common indicia of sovereignty"; that the "degree to which an entity exercises self-governance — whether autonomously managing its own affairs or continually submitting to outside direction — plays no role in the analysis"; that the test has no concern over the "government's more particular ability to enact and enforce its own criminal laws"; and that "[i]n short, the inquiry (despite its label) does not probe whether a government possesses the usual attributes, or acts in the common manner, of a sovereign entity"[84] – the Supreme Court nonetheless upheld the single sovereign doctrine as applicable to Puerto Rico and held that prosecution of the defendants would violate the Double Jeopardy Clause.[85]

## III.  ANALYSIS

¶24 As a preliminary matter, Francis' Motion To Dismiss is properly before the Court as motions that the Court lacks jurisdiction may be made at any time. The issue before the Court is a novel one: whether the Double Jeopardy Clause along with the single sovereign doctrine require the Superior Court, the court of first filing, to dismiss the case in favor of a subsequent indictment in the District Court, based on the District Court's alleged exclusive jurisdiction, on account of a dual prosecution, with purely local criminal counts in the first case and federal and local criminal counts in the second case, where no verdict, plea, or sentence has yet been reached in either court. The Court will analyze this issue and each of Francis' other contentions below in light of the above binding and persuasive precedents.

---

[81] 136 S. Ct. 1863 (2016).
[82] *Id.* at 1869.
[83] *Id.*
[84] *Id.* at 1870.
[85] *Id.* at 1876-77.

### A. The Organic Act and Virgin Islands Code do not establish exclusive jurisdiction in the District Court in this matter

#### 1. Francis' "subject to" contention

¶25     Francis argues that the phrase "subject to" in the Virgin Islands Code necessarily subjugates the Court's original criminal jurisdiction to instances where the District Court "did not have jurisdiction under the [Revised Organic Act]."[86] As stated above, Francis relies on several cases from outside this jurisdiction in which "subject to" was found to subordinate a provision that came after it.[87] The first case Francis relies on is *MemoryTen, Inc. v. Silicon Mt. Holdings*,[88] which involved the court in that case determining whether the phrase "subject to" in a subscription agreement subserviated purchase rights.[89] The next case Francis relies on, *Hellenic Lines, Ltd. v. Embassy of Pakistan*,[90] involved a clause in a bill of lading that stated it was "subject to all other terms, conditions and exceptions" in a freight contract.[91] The last case Francis relies on, *Swan Magnetics, Inc. v. Superior Court*,[92] deals with a civil procedure code of California law governing arbitration awards, which the California court interpreted in a way so as not to be incongruous with the legislative intent.[93]

¶26     Two of the above-mentioned cases deal with issues of contractual interpretation, only one deals with statutory interpretation and it makes clear that, in interpreting laws, results incongruous with legislative purpose should be avoided. Additionally, these cases are merely persuasive authority at best. Other situations in which "subject to" is used to mean something different from what Francis suggests can be found. For example, in *Binderup v. Attorney General of United States*,[94] the phrase is used at least twice to mean two different things: "Accordingly, 'subject to a maximum possible penalty of' is the best reading of the phrase 'punishable by' as used in § 921(a)(20)(B).";[95] "Thus burdens on Second Amendment rights are subject to scrutiny in much the way that burdens on First Amendment rights are."[96] In the first quote "subject to" means "answerable up to" and in the second case it means closer to "regulated by." As a review of similar situations in other cases would be purposeless, the Court moves on with its analysis.

---

[86] Def. Francis' Mot. To Dismiss Information 3.

[87] Def. Francis' Mot. To Dismiss Information 4 n.4.

[88] 92 F. Supp. 3d. 176 (S.D.N.Y. 2015).

[89] *Id.* at 184.

[90] 467 F. 2d 1150 (2d Cir. 1972).

[91] *Id.* at 1152.

[92] 56 Cal. App. 4th 1504 (Cal. Ct. App. 1997).

[93] *Id.* at 1511 ("Thus, if the Legislature had made the entry of a judgment 'subject to' a statutory provision, the effect of that judgment would be controlled and limited by the statute. It would be incongruous for the Legislature to declare a judgment 'subject to' laws that not only are consistent with that judgment but even authorize further orders related to that judgment.").

[94] 836 F.3d 336 (3d Cir. 2016).

[95] *Id.* at 342.

[96] *Id.* at 344.

¶27    A review of the lexicon illuminates how profitless pinning a steadfast meaning to the phrase "subject to" is. In defining "subject to liability," Black's Law Dictionary defines the phrase as "([o]f a person) susceptible to a lawsuit that would result in an adverse judgment[.]"[97] Cambridge Dictionary defines "subject to something" as either: "1) likely to experience or suffer from something; 2) If an action or event is subject to something, it needs something to happen before it can take place."[98] Merriam Webster defines "subject to" as: "1) affected by or possibly affected by (something); 2) likely to do, have, or suffer from (something); 3) dependent on something else to happen or be true."[99] In recognizing these myriad definitions from common sources, the Court pays homage to Justice Frankfurter's admonition: "Though it has its own preoccupations and its own mysteries, and above all its own jargon, judicial construction ought not to be torn from its wider, nonlegal context."[100]

¶28    With such considerations, the Court refrains from adopting the view urged by Francis that "subject to" necessarily subordinates anything in a statute that comes after it, and therefore, here subordinates the Court's jurisdiction to criminal cases which the District Court has chosen not to or cannot prosecute. As Justice Cardozo said, "the meaning of a statute is to be looked for, not in any single section, but in all the parts together and in their relation to the end in view."[101] Thus we look now to the whole statute.

### 2.    4 V.I.C. § 76(b)

¶29    Title 4, § 76(b) of the Virgin Islands Code grants the Superior Court of the Virgin Islands original jurisdiction in all criminal matters. This is "subject to" the concurrent jurisdiction of the District Court as provided by § 21 and § 22 of the Revised Organic Act. The statute plainly says "concurrent," which is defined by Merriam Webster as: "1) operating or occurring at the same time; 2a) running parallel; 2b) convergent; 3) acting in conjunction; 4) exercised over the same matter or area by two different authorities."[102] This suggests a wide swath of parallel authority.[103]

---

[97] *Subject To Liability*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("subject to liability adj. (1835) (Of a person) susceptible to a lawsuit that would result in an adverse judgment; specif., having engaged in conduct that would make the actor liable for another's injury because the actor's conduct is the legal cause of the injury, the injured party having no disability for bringing the lawsuit.").

[98] *Subject To Something*, CAMBRIDGE ACADEMIC CONTENT DICTIONARY (2021) (https://dictionary.cambridge.org/dictionary/english/subject-to-something).

[99] *Subject To*, MERRIAM WEBSTER DICTIONARY (2021) (https://www.merriamwebster.com/dictionary/subject%20to).

[100] Felix Frankfurter, *Some Reflections On The Reading Of Statutes*, 47 COLUM. L. REV. 527, 528 (1947).

[101] *Panama Refining Co. v. Ryan*, 293 U.S. 388, 438 (1935) (Cardozo, J., dissenting).

[102] *Concurrent*, MERRIAM WEBSTER DICTIONARY (2021) (https://www.merriam-webster.com/dictionary/concurrent).

[103] This is only reinforced by the opening lines of the subsection which Francis relies on his motion. Section 22(c) of the Revised Organic Act plainly states: "Criminal offenses; concurrent jurisdiction with local courts. *The District Court of the Virgin Islands shall have concurrent jurisdiction with the courts of the Virgin Islands established by local law over those offenses against the criminal laws of the Virgin Islands*, whether felonies or misdemeanors or both, which are of the same or similar character or part of, or based on, the same act or transaction or two or more acts or transactions connected together or constituting part of a common scheme or plan, if such act or transaction or acts or

The Superior Court is not "subject to the District Court's discretion" or "subject to instances where the District Court declines to exercise jurisdiction." Rather, it suggests that both courts generally exercise jurisdiction over the same matters, with "subject to" being used with "concurrent" here to suggest there are some limitations, as opposed to full subordination. Consequently, in what way is the Superior Court limited by the District Court's concurrent jurisdiction then? A plain reading of § 22 of the Revised Organic Act indicates that it is the "all" in "*all* criminal matters."

¶30     The jurisdictional grant to the District Court clearly provides for two scenarios in which the Superior Court shall not have parallel jurisdiction over a local criminal matter, plainly limiting the "all" in § 76(b). Section 22(a) of the Revised Organic Act states in relevant part that:

> The District Court of the Virgin Islands shall have *exclusive jurisdiction over all criminal* and civil proceedings in the Virgin Islands *with respect to the income tax laws* applicable to the Virgin Islands, regardless of the degree of the offense or of the amount involved, except the ancillary laws relating to the income tax enacted by the legislature of the Virgin Islands.[104]

¶31     Further, § 22(b) provides a catchall clause for other situations when the grant of original jurisdiction in all local criminal matters in the Superior Court may not be complete: "In addition to the jurisdiction described in subsection (a) the District Court of the Virgin Islands shall have general original jurisdiction in all causes in the Virgin Islands the jurisdiction over which is not then vested by local law in the local court of the Virgin Islands."[105]

¶32     Thus, a plain reading of the statutes in their context and entirety is *not* that once the District Court exercises jurisdiction over a criminal matter it robs the Superior Court of jurisdiction. It is that both may operate jurisdiction over criminal matters, but the District Court has jurisdiction over some criminal matters which the Superior Court does not – namely, criminal income tax proceedings and any matter not yet vested in the Superior Court by statute (in addition to federal crimes). Plainly the legislative will was to vest the Superior Court with jurisdiction over local criminal matters in a way that operates largely parallel to the District Court.

¶33     Francis' assertion that because § 22(c) gives the District Court concurrent jurisdiction to prosecute local and federal offenses as granted under § 22(a), and because § 22(a) gives the District Court the jurisdiction of a District Court of the United States, and because 18 U.S.C. § 3231 grants

---

transactions also constitutes or constitute an offense or offenses against one or more of the statutes over which the District Court of the Virgin Islands has jurisdiction pursuant to subsections (a) and (b) of this section." Revised Organic Act of 1954, § 22(c), 48 U.S.C. § 1612(a), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1) (emphasis added).

[104] Revised Organic Act of 1954, § 22(a), 48 U.S.C. § 1612(a), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1) (emphasis added).

[105] Revised Organic Act of 1954, § 22(b), 48 U.S.C. § 1612(b), *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1).

exclusive original jurisdiction in the District Court to prosecute federal offenses, it works to the exclusion of the Superior Court when the U.S. Attorney chooses to prosecute a crime in the District Court not only does not square with this clear reading of these other statutes, it ignores the statement within § 3231 itself: "Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof."[106] A more plain reading of those statutes together is that the District Court is the only court that can prosecute federal offenses, but, while it does so, it can also prosecute local offenses. This reading is underscored by the very quote Francis uses in his judicial economy argument: "Congress's purpose in enacting 48 U.S.C. § 1612(c) was the same as its purpose in passing D.C. Code § 11-502(3): to prevent the need for multiple trials in different courts of 'separate aspects of the same offense or of closely related offenses.'"[107] Further, it conforms with the Supreme Court of the Virgin Islands statement in *Rivera-Moreno* that "[i]mportantly, [48 U.S.C. § 1612(c)] provides for the District Court to possess concurrent — and not exclusive — jurisdiction over local offenses relating to federal offenses, meaning that the local offenses could be tried in either the Superior Court or the District Court."[108]

¶34    To construe the language of the statutes as robbing the Superior Court of jurisdiction over *any* criminal matter anytime there might be a subsequent prosecution in the District Court, and not just limiting the Superior Court when the instances mentioned above arise, would work an absurdity.[109] It would grant the United States Attorney's office a jurisdictional *veto* anytime they merely filed an indictment charging a criminal who had violated a local criminal law and was already properly before this Court. The Court thereby dismisses Francis' argument that the District Court has exclusive jurisdiction over this matter.

## B. Single Sovereign Doctrine and the Double Jeopardy Clause

¶35    The Court now considers Francis' single sovereign doctrine and Double Jeopardy Clause argument. As noted in *People v. Williams*,[110] the Court must examine any dual prosecution in the Virgin Islands for potential Double Jeopardy Clause issues. As noted in *Gov't of the V.I. ex rel. Robinson v. Schneider*,[111] there are two tiers of prosecution, federal and territorial, the Superior Court has jurisdiction over violations of local criminal law, and "federal and territorial prosecutors" should "work in concert when bringing charges against criminal defendants."[112]

---

[106] 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof.").

[107] *United States v. Gillette*, 60 V.I. 855, 869 (3d Cir. 2013) (quoting 130 CONG. REC. S. 23789 (Aug. 10, 1984)).

[108] *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 308 (V.I. 2014) (citing to *Azille v. People*, 59 V.I. 215, 222 (V.I. 2012)).

[109] *See, e.g.*, *Bostock v. Clayton County*, 140 S. Ct. 1731, n.65 (2019) ("Another longstanding canon of statutory interpretation—the absurdity canon—similarly reflects the law's focus on ordinary meaning rather than literal meaning. That canon tells courts to avoid construing a statute in a way that would lead to absurd consequences.").

[110] Case No. ST-18-CR-40, __V.I.__, 2018 V.I. LEXIS 125 (V.I. Super. Ct. Nov. 8, 2018).

[111] 893 F. Supp. 490 (D.V.I. 1995).

[112] *Id.* at 495.

¶36     As explained in *Brown v. Ohio*,[113] the Double Jeopardy Clause protects against a second prosecution for the same offense *after conviction or acquittal* and limits multiple punishments for the same offense. Like in *Gov't of the V.I. v. Dowling*[114] or *United States v. Diggs*,[115] where a defendant can be convicted of both a territorial and a federal charge based on the same underlying facts, the court selects which charge to impose a sentence under. As stated in *Gov't of the V.I. v. Colbourne*,[116] "as a general rule, once a court has begun to exercise its jurisdiction over a case, no other court, except an appellate court, may interfere with the proceedings thus pending."[117]

¶37     This case can be differentiated from *Puerto Rico v. Sanchez-Valle*[118] in that the defendant had already plead guilty to the federal charges in *Sanchez-Valle*. Likewise, in *People v. Williams*,[119] the defendant in that case had already been acquitted of a crime related to the handgun. Here, there is neither a verdict nor guilty plea in the pending federal case. When a case is tried in the Superior Court, a subsequent prosecution in the District Court of federal crimes related to the same underlying offenses may violate a defendant's Double Jeopardy Clause rights.[120] It is that subsequent, not initial prosecution that is violative of those rights, however. While the Court is cognizant of the *potential* of a violation of Francis' Fifth Amendment constitutional rights, such a violation has not occurred in this Court. Further, while it is possible Francis may plead guilty to the federal charges, raising a Double Jeopardy Clause issue here, it is also possible Francis could be convicted or plead guilty in this Court, raising Double Jeopardy Clause concerns in the District Court.

¶38     There are seventeen (17) counts against Francis for violations of local criminal offenses. The information was first filed in this Court and the Court has already asserted its jurisdiction over this matter. There is no basis in law or logic for dismissal of the entire case here because the U.S. Government later filed an indictment against Francis in the District Court. Any violation of Francis' Double Jeopardy rights in this Court is speculative – he has not yet been sentenced or acquitted and he could well not be penalized for the violations in federal court which arise out of the carjacking and robbery offense. Further, there is at least one count in the District Court that is not mirrored by any of the robbery, assault, or gun charges Francis faces in the Superior Court: Possession with Intent to Distribute in violation of title 6, § 604(a)(1) of the Virgin Islands Code.

¶39     While a subsequent prosecution in the District Court after failing to secure a conviction in the Superior Court would violate the Double Jeopardy Clause, that is not the case here in a dual

---

[113] 432 U.S. 161 (1977).

[114] 633 F.2d 660 (3d Cir. 1980).

[115] 522 F.2d 1310 (D.C. Cir. 1974).

[116] 31 V.I. 22 (V.I. Super. Ct. 1994).

[117] *Id.* at 25 (citing to *Ex parte Young*, 209 U.S. 123, 166 (1908)).

[118] 136 S. Ct. 1863 (2016).

[119] Case No. ST-18-CR-40, __V.I.__, 2018 V.I. LEXIS 125 (V.I. Super. Ct. Nov. 8, 2018).

[120] 61 V.I. 279, 308 (V.I. 2014).

prosecution. It is possible that Francis may only be sentenced under the federal and not the local charges. The local law charges and the federal charges arising from the same offense or conduct could also be dismissed in the District Court and the U.S. Attorney could proceed to just prosecute the Possession with Intent to Distribute offense, or even dismiss the whole case. While prosecutors in the U.S. Attorney's office and the Attorney General of the Virgin Islands' office should work together and communicate to prevent any Fifth Amendment violations, prosecution began in this Court first. This is not the forum or the time to raise Double Jeopardy Clause concerns based on the District Court's prosecution of this case and it certainly does not warrant dismissal of the entire case. Francis' Double Jeopardy concerns, when they are ripe, may be properly raised in the court where the subsequent, not initial, prosecution is or where he has not yet been acquitted or convicted. The Court therefore dismisses Francis' single sovereign doctrine and Double Jeopardy Clause argument.

### C. Consent

¶40 Francis' next contention is that the U.S. Attorney must consent to the Attorney General of the Virgin Islands prosecuting this case and that this Court and the People are "interfere[ing] with the U.S. Attorney's authority to prosecute Mr. Francis' in the District Court."[121] Section 27 of the Revised Organic Act plainly states that the U.S. Attorney for the Virgin Islands "shall also prosecute in the district court in the name of the government of the Virgin Islands all offenses against the laws of the Virgin Islands which are cognizable by that court unless, at his request or with his consent, the prosecution of any such case is conducted by the attorney general of the Virgin Islands."[122] As the only court mentioned in the statute is the District Court, a plain reading of the statute indicates that the U.S. Attorney may request or consent to have the Attorney General of the Virgin Islands prosecute a case *in the District Court*. It is not a requirement that the Virgin Islands Attorney General get approval before filing a case *in the Superior Court*.

¶41 Even if the Court reads the statute as having such a requirement, Francis simply states that "nothing in the record indicates the U.S. Attorney has so consented."[123] Nothing in the record indicates the U.S. Attorney has *not* consented, either. Dismissal is a drastic remedy for such an evidentiary-deficient claim. Francis also states that the mere fact that the U.S. Attorney filed charges shows there is no consent.[124] The charges were first filed here, and the case has been pending for over half a year - the U.S. Attorney has, or should have, notice, and the U.S. Attorney

---

[121] Def. Francis' Mot. To Dismiss Information 6; *see also* Revised Organic Act of 1954, § 27, 48 U.S.C. § 1617, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1) ("[The U.S. Attorney for the Virgin Islands] shall also prosecute in the district court in the name of the government of the Virgin Islands all offenses against the laws of the Virgin Islands which are cognizable by that court unless, at his request or with his consent, the prosecution of any such case is conducted by the attorney general of the Virgin Islands.").

[122] Revised Organic Act of 1954, § 27, 48 U.S.C. § 1617, *reprinted in* V.I. CODE ANN., Historical Documents, Organic Acts, and U.S. Constitution at 159-60 (1995 & Supp. 2013) (preceding V.I. CODE ANN. tit. 1).

[123] Def. Francis' Mot. To Dismiss Information 6.

[124] Reply To People's Opp'n To Def. Jestus Francis' Mot. To Dismiss Information 6.

has not moved to dismiss or in any way indicated there is no consent. Thus, the U.S. Attorney's consent could be implied.[125]

¶42    Title 3, § 114 of the Virgin Islands Code clearly grants authority to the Virgin Islands Attorney General to prosecute criminal cases in the Superior Court as they see fit, with no mention of any consent needed. Part (2) and part (3) of § 114 state: "The Attorney General shall have the following powers and duties . . . (2) to prosecute in the inferior courts all offenses against the laws of the Virgin Islands; (3) to prosecute in the name of the People of the Virgin Islands, offenses against the laws of the Virgin Islands."[126] Francis' contention that the Attorney General of the Virgin Islands must have the consent of the U.S. Attorney of the Virgin Islands has no basis in law. The Court therefore dismisses this argument as well.

### D.  Judicial Economy

¶43    Francis' final argument is that "principles of judicial economy support dismissal of this case."[127] Citing to *United States v. Gillette*,[128] Francis asserts that the purpose of the concurrent jurisdiction granted to the District Court by 48 U.S.C. § 1612(c) is to prevent the need for multiple trials in different courts for offenses arising out of the same conduct.[129] While true, it is not the case that dismissal in this Court is required. Francis faces seventeen (17) criminal counts in this Court and six (6) criminal counts in the District Court, two of which, First Degree Robbery and Unauthorized Possession of the Firearm, are the same.[130] Francis is also charged in the District Court, but not in the Superior Court, of Possession with Intent to Distribute (as well as several federal offenses).[131]

¶44    Judicial economy is of concern to the Court, but so is the exercise of justice. Francis faces significantly more penalties in this Court than the District Court. Justice and the policy against forum-shopping weigh against such an application where the counts against a criminal defendant are cut by nearly two-thirds for the sole reason of 'judicial economy.'[132] Another factor is that this Court had begun to exercise jurisdiction over this matter two weeks before the District Court had. To dismiss the case now would be a waste, not a preservation, of the Court's time and energy. In addition to working to avoid Double Jeopardy Clause problems, prosecutors with the U.S.

---

[125] *Implied Consent,* BLACK'S LAW DICTIONARY (11th ed. 2019) ("implied consent. (17c) 1. Consent inferred from one's conduct rather than from one's direct expression. — Also termed implied permission.").

[126] 3 V.I.C. § 114.

[127] Def. Francis' Mot. To Dismiss Information 7.

[128] 60 V.I. 855, 869 (3d Cir. 2013).

[129] *Id.* at 869.

[130] *See* Information.

[131] *See* Indictment.

[132] *See Petra Sys., Inc. v. Everest Nat'l Ins. Co.,* 70 V.I. 409 (Super. Ct. 2019) (quoting *Iragorri v. United Techs. Corp.,* 274 F.3d 65, 75 (2d Cir. 2001)) ("[T]he Second Circuit noted that "[c]ourts should be mindful that, just as plaintiffs sometimes choose a forum for forum-shopping reasons, defendants also may move for dismissal under the doctrine of [forum non conveniens] not because of genuine concern with convenience but because of similar forum-shopping reasons.").

Government and those with Virgin Islands should also communicate about charges to ensure that the judicial system does not become bogged down with unnecessary prosecutions in two venues when they might be streamlined. This would go a long way towards alleviating the judicial economy concern Francis presents – dismissal of his case would not. As the first forum and the forum where the large bulk of the charges against Francis rest, dismissal here would not work justice for the victims and would serve to only drastically reduce Francis' criminal liability. The Court therefore dismisses Francis' judicial economy claim.

## IV.    CONCLUSION

¶45    Defendant Francis was identified by police as an alleged carjacker following an armed robbery of two females and a carjacking which occurred on or around June 23, 2020. On July 8, 2020, the People filed a seventeen (17) count Information in this Court. On July 22, 2020, the United States of America filed a six (6) count Indictment in the District Court for violations of federal law, as well as Possession with Intent to Distribute and two charges similar to the ones in this Court – First Degree Robbery and Possession of a Firearm. On August 4, 2020, Francis moved to dismiss the Information in this Court for alleged violations of the Double Jeopardy Clause and the single sovereign doctrine, among other reasons.

¶46    The Court rejects Francis' contention that the District Court has exclusive jurisdiction on the grounds that the jurisdictional grant states this Court's jurisdiction is "subject to" that concurrent jurisdiction. A reading of the Revised Organic Act provisions in their entirety makes clear that this Court is not limited in its original jurisdiction simply because there are charges subsequently filed in the District Court, but rather it is the original jurisdiction in *all* criminal matters that is subject to specific narrow exceptions outlined in the Revised Organic Act.

¶47    The Court also rejects Francis' Double Jeopardy Clause and single sovereign doctrine argument because it is not ripe and not before the right forum. The Court has begun to exercise its statutorily granted jurisdiction and the mere filing of an indictment in the District Court is not enough to place Francis in Double Jeopardy as he has not plead guilty or been acquitted or convicted yet, the charges may still be dismissed or withdrawn, and he may yet not be punished or sentenced under the similar charges.

¶48    The Court finds Francis' argument that the United States Attorney must consent to filing a criminal case in this Court as having no basis in law. Finally, the Court rejects Francis' judicial economy argument as not compelling enough given that this Court was the first to exercise jurisdiction, had already begun to exercise said jurisdiction, concerns over the potential precedent for forum-shopping, and the substantial reduction in criminal liability Francis would benefit from if the case were dismissed.

¶49     Accordingly, it is hereby

**ORDERED** that Defendant Jestus Francis' Motion To Dismiss Information, filed August 4, 2020, is **DENIED**; and it is further

**ORDERED** that Defendant's Motion For Expedited Consideration Of Defendant Jestus Francis Motion To Dismiss Information, filed August 4, 2020, is **DENIED as moot**; and it is further

**ORDERED** that a copy of this Memorandum Opinion and Order shall be directed to the Clerk of the Court; counsel of record; and the Bureau of Corrections on behalf of the Defendant.

DATED: February 24, 2021

**DENISE M. FRANCOIS**
Judge of the Superior Court of the Virgin Islands

**ATTEST:**

**TAMARA CHARLES**
Clerk of the Court

BY: _____
for **LORI BOYNES**
Chief Deputy Clerk 2/24/2021